## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

GEORGE DEWEESE,          )
                            )
      Plaintiff,         )
                            )
v.                          )      Case No. CIV-24-208-SLP
                            )
RALPH MCDONALD,       )
                            )
      Defendant.      )

## O R D E R

Before the Court is the Motion for Summary Judgment [Doc. No. 10] filed by Defendant Ralph McDonald.  Plaintiff George DeWeese filed a Combined Response in Opposition to Defendant's Motion for Summary Judgment and Motion to Amend Rule 36 Admissions [Doc. No. 15].  Defendant filed a Combined Reply to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgement and Response in Opposition to Plaintiff's Motion to Amend Rule 36 Admissions [Doc. No. 17].

### I.    Background and Procedural History

This negligence action stems from a car crash involving Plaintiff and Defendant. Defendant removed the action to this Court on February 28, 2024.  On March 26, he issued his First Requests for Admission to Plaintiff [Doc. No. 10-1].  Plaintiff's responses were due on or before April 25, 2024.  *See* Fed. R. Civ. P. 36(a)(3).  That deadline came and went without any action from Plaintiff.  Instead, on May 1—six days after his deadline to respond—Plaintiff sought an extension of time from Defendant by email.  *See* [Doc. No. 10-2] at 2.  While Defendant's counsel agreed to extend certain other discovery deadlines,

he responded that he was "unable to agree to accept the RFA responses given their heightened significance." *Id.*    Nevertheless, Plaintiff served his RFA responses on Defendant on May 14—about three weeks after the April 25 deadline. *See* [Doc. No. 10 at 4] (citing [Doc. No. 10-3]).

Defendant now seeks summary judgment on Plaintiff's negligence claim, arguing "several of Plaintiff's *deemed* admissions conclusively negate essential elements of his cause of action." [Doc. No. 10] at 4. Specifically, Defendant relies on the deemed admission to the following RFAs:

• **Request for Admission No. 7**: Please admit that You were under the influence of an intoxicating substance at the time of the Incident.

• **Request for Admission No. 8**: Please admit that You were traveling in excess of the posted speed limit at the time of the Incident.

• **Request for Admission No. 9**: Please admit that You struck Defendant's vehicle while established fully in the opposite lane of travel.

• **Request for Admission No. 10**: Please admit that immediately after the Incident, You started drinking bottles of water until the police arrived on scene.

• **Request for Admission No. 12**: Please admit that at all times relevant, You did not observe Defendant do anything which impeded Your ability to lawfully operate Your vehicle prior to the Incident.

• **Request for Admission No. 20**: Please admit that at the time of the Incident, You were not paying attention.

• **Request for Admission No. 21**: Please admit that You were the sole and exclusive cause of the Incident.

*Id.* at 4–5 (quoting [Doc. No. 10-1] at 2–3). Plaintiff opposes summary judgment on this basis. Instead, he asks the Court to permit him to withdraw his deemed admissions and amend them with his untimely May 14 responses.

2

## II.    <u>Governing Standard</u>

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).  Where the undisputed facts establish that a plaintiff cannot prove an essential element of a cause of action, the defendant is entitled to judgment on that cause of action.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Pursuant to Federal Rule of Civil Procedure 36(a)(3), a request for admission is deemed admitted if the responding party fails to serve its written answer or objection within 30 days.[1]  And once a matter is admitted, it "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."  Fed. R. Civ. P. 36(b). "[T]he court may permit withdrawal or amendment [1] if it would promote the presentation of the merits of the action and [2] if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."  *Id.*; *see also Raiser v. Utah Cnty.*, 409 F.3d 1243, 1246 (10th Cir. 2005).

## III.    <u>Discussion</u>

There appears to be no real disagreement as to the first prong of the analysis. Plaintiff pled a single negligence claim; Defendant argues Plaintiff cannot establish the elements of that claim based on the deemed admissions.[2]  Because "upholding the

---

[1] While the Court may shorten or lengthen the time for response, Fed. R. Civ. P. 36(a)(1)(3), no such request was made in this case.

[2] This is the sole basis on which Defendant seeks summary judgment.  In other words, Defendant does not argue he can satisfy the Rule 56(a) standard if the Court permits Plaintiff to amend his responses to the RFAs.

admissions would practically eliminate any presentation of the merits of the case," this consideration overwhelmingly weighs in favor of permitting Plaintiff to withdraw his admissions. *Raiser*, 409 F.3d at 1246 (quoting *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1266 (11th Cir. 2002)). Defendant provides no argument to the contrary.

The real disagreement is whether Defendant will suffer prejudice if the Court permits Plaintiff to withdraw his admissions and amend his responses. Prejudice for Rule 36(b) purposes must be more than "[m]ere inconvenience" or the fact "that the party who obtained the admission now has to convince the jury of its truth." *U.S. ex rel. Thomas v. Black & Veatch Special Projects Corp.*, No. 11-2475-DDC, 2014 WL 2095168, at *6 (D. Kan. May 20, 2014). Instead, Defendant must identify some "difficulty that [he] might face in proving its case caused by a sudden need to obtain evidence with respect to the questions previously deemed admitted." *Id.* (citing *Raiser*, 409 F.3d at 1246).

Defendant primarily relies on the amount of time that has passed since the RFA deadline expired and the amount of time remaining before trial.[3] *See, e.g.*, [Doc. No. 17 at 2 (noting 137 days passed between the "original admission deadline" and the date Plaintiff moved to withdraw the deemed admissions). But the mere passage of time, without more, is not sufficient to establish prejudice under Rule 36(b). Nevertheless, Defendant claims

---

[3] Defendant's Reply also focuses on the lack of justification for Plaintiff's delay. But "more than a failure to meet deadlines is required to deny a party relief from an admission." *Raiser*, 409 F.3d at 1247. "[T]he court's focus must be on the effect upon the litigation and prejudice to the resisting party," not on the dilatory party's "excuses for an erroneous admission." *Id.* (quoting *In re Durability Inc.*, 212 F.3d at 556). Defendant's attempts to distinguish the facts of *Raiser* are unpersuasive because those distinctions focus on the delay itself, and not on the prejudice resulting from that delay.

he will be prejudiced because he has "relied upon [the deemed admissions] in conducting discovery." [Doc. No. 10] at 6. As Plaintiff points out, however, "Defendant was put on notice of Plaintiff's allegations of liability for causing the wreck just days after it happened." [Doc. No. 15] at 5. For example, in a September 2021 statement to Defendant's insurer, Plaintiff claimed he was not speeding, distracted, or under the influence of any drugs or alcohol. *See id.* (citing [Doc. No. 15-3] at 3–5). These statements directly contradict the deemed admissions. Similarly, Defendant has deposed Plaintiff and had an opportunity to question him about the substance of the RFAs, minimizing any prejudice that would have been caused by the deemed admissions.[4]

In Reply, Defendant identifies two specific ways in which he has been prejudiced by the deemed admissions: (1) he "may need to consider engaging an accident reconstruction consultant to develop his [] case," and (2) he was previously unable to inspect the car Plaintiff was driving and "saw no reason to continue trying to track down the vehicle" for inspection after the RFAs were deemed admitted. [Doc. No. 17] at 4–5. As an initial matter, it is not clear these examples constitute the type of prejudice contemplated by Rule 36(b). Defendant waited roughly four months to seek summary judgment on the basis of the deemed admissions. In that time, he chose not to develop factual matters related to accident reconstruction and the physical condition of Plaintiff's

---

[4] Defendant's reliance on *Beesley v. Hansen*, No. 217CV00889JNPEJF, 2019 WL 1573152 (D. Utah Apr. 11, 2019), is inapposite. The nonmovant in that case never provided a substantive response to the RFAs at issue, even though the district court had ordered him to do so. *Id.* at *2. In contrast, Plaintiff provided substantive responses to the RFAs at issue here about three weeks after his deadline ran. Further, the *Beesley* court never received a motion to withdraw the deemed admissions, *id.*, while Plaintiff has moved for that relief here, *see* [Doc. No. 15].

car based on the deemed admissions. If those matters were key to his case, as he now suggests they are, it is unclear why he would eschew them on the assumption that the Court would grant his then-unfiled summary judgment motion. This is particularly true where Defendant has been in possession of Plaintiff's substantive—albeit, untimely—responses to the RFAs since May 14, 2024.[5]

In any event, the discovery deadline in this matter does not expire until November 1, 2024. *See* [Doc. No. 5] ¶ 6. To the extent Defendant needs to develop his case further, he still has six weeks to do so.[6] He has not demonstrated any prejudice that cannot be cured within the existing discovery window—e.g., "the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted."[7] *Raiser*, 409 F.3d at 1246. While the Court will not prejudge a motion

---

[5] Plaintiff is admonished that his dilatory discovery conduct has needlessly wasted both Defendant's and the Court's resources.

[6] Defendant points out that his deadline to file a final list of expert witnesses and submit expert reports to Plaintiff expired September 17, 2024—one day after he filed his Reply. Although Plaintiff moved to amend his Rule 36 admissions on September 9, Defendant did not seek an extension of that impending deadline. Defendant timely filed his expert witness list, which did not list an accident reconstruction expert. *See* [Doc. No. 18]. Out of an abundance of caution, the Court sua sponte grants Defendant leave to amend his expert witness list until October 3, 2024.

[7] Defendant cites two state-court cases in which the dilatory parties were not permitted to withdraw their deemed admissions, but the Court finds these cases to be of little persuasive value here. In *Arizona Auto. Ins. Co. v. Tulve*, the appellate court found no abuse of discretion because the state analogue to Rule 36(b) is "permissive, not mandatory" and therefore entitles trial courts to "consider other factors, including whether there was good cause for the delay and the merits of the moving party's case." No. 2 CA-CV 2021-0042, 2021 WL 5045424, at *2 (Ariz. Ct. App. Oct. 29, 2021). And in *Liljestrand v. Dell Enterprises, Inc.*, the court of appeals found no abuse of discretion where the plaintiff had "relied on [the defendant's] admission for nearly 10 years," considerably longer than the period at issue here. No. A-20-695, 2021 WL 2099571, *8 (Neb. Ct. App. May 25, 2021).

for extension of time, it will certainly entertain such a request if Defendant—exercising due diligence—finds the remaining six weeks of discovery to be insufficient.

### IV.    <u>Conclusion</u>

IT IS THEREFORE ORDERED that Motion for Summary Judgment [Doc. No. 10] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's admissions to Defendant's First Requests for Admission are deemed withdrawn, and his responses are amended consistent with the May 14, 2024 responses he previously served upon Defendant [Doc. No. 10-3].

IT IS SO ORDERED this 19th day of September, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE